[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant seeks to modify custody so that he may be granted joint custody of the minor child. The motion is dated March 31, 1998 and was referred to Family Services on May 18, 1998. Leslie L. Raider testified at a hearing held on August 2, 1999 that she reviewed and updated a previous report that had been prepared by her office. She made appropriate adjustments and modifications that were comprehensive. The parties have been involved in an acrimonious and ongoing dispute over custody and visitation. Their conduct is not in the best interest of the minor child, Casey. The parents cannot even agree as to the child's name. Casey wants the fighting to stop but the parents refuse. The plaintiff has been cited for contempt on previous occasions and adjudications of contempt have been made. The parents were ordered to undergo counseling but refuse to comply with the Court's orders. Incarceration of either or both at some time might be the only and appropriate remedy. The Courtexpresses its thanks to Attorney Marvin Borofsky, the attorney for Casey, for his efforts in attempting to bring about some semblance of harmony. It is gratifying to see this type of enthusiasm in the face of parental recalcitrance.
 ORDERS
The following orders are entered:
1. Plaintiff shall not interfere with mail that is addressed to Casey from his father and it is to be given to him unopened and upon receipt.
2. Plaintiff shall put through all telephone calls directed to Casey from his father. The calls should not be more than one per day and should be placed in the early evening.
3. Casey's name shall not be hyphenated in any documents or CT Page 11261 correspondence prepared by the father or stepmother.
4. The present order shall continue for sole custody of the minor child with his mother. The mother shall inform the father in writing as to all of the medical, dental, educational, day care providers or programs, and mental health professionals involved with the child, and she shall provide the father with the names, addresses, and telephone numbers for each without any delay. It is ordered that the father consult directly with each of these professionals rather than obtain information through the mother.
5. It is ordered that Casey shall continue to visit with his father on an alternate weekend basis during the school year, with the father's first weekend being scheduled Labor Day weekend and continuing on an alternating basis forward through the end of June. It is ordered that the minor Monday holidays attach to the alternate weekend schedule and that these holidays include: Labor Day, Columbus Day, Martin Luther King Day, President's Day, and Memorial Day, subject to the child's school being in recess on these days. It is ordered that the pick-up and return time for these weekend visits be modified to 4:30 p. m. It is further ordered that the pick-up and return of the child occur at a public place.
It is ordered that the child spend the Thanksgiving holiday with his father in odd number years from 4:30 p. m. on Wednesday until 4:30 p. m. on Sunday, and that in even numbered years this time be spent with the mother. It is ordered that the Christmas school vacation be divided and alternated with the child spending the first part of the vacation from the close of school until December 26 at 4:30 p. m. with his mother in odd numbered years and with his father in even numbered years; and from December 26 at 4:30 p. m. until the day before school resumes at 4:30 p. m. with his father in odd numbered years and his mother in even numbered years. It is ordered that the spring school vacation be divided with the exchange of the child occurring on Wednesday of that week at 4:30 p. m. and the extra time attaching to the alternate weekend schedule. It is further ordered that the child spend each Mother's Day weekend with his mother and each Father's Day weekend with his father again from 4:30 p. m. on Friday until 4:30 p. m. on Sunday.
6. It is ordered that during the months of July and August, the alternate weekend schedule be suspended and that the father CT Page 11262 be entitled to three non-consecutive ten day periods of time with the child from Friday at 4:30 p. m. until ten days later on Sunday at 4:30 p. m.
7. It is ordered that the existing requirements for notice to the mother by registered mail, return receipt, or certified mail, return receipt at least sixty days in advance of these summer vacation times remain in effect.
Owens, J.